IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SMITH, | No. C 10-3734 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| F. JACQUEZ; P.T. SMITH; K.L. McGUYER; K. OSBORNE; J.D. METCALFE; S. MANION; J. BOLBEN; C. VASQUEZ; GILL; M. PENA; V. CAPPELLO, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. 1983 against employees of Pelican Bay State Prison where plaintiff was formerly incarcerated. Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

**ANALYSIS**

A.  **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only" give the "defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff contends that defendants falsely accused him and his cellmate of conspiracy to murder a prison guard, and that it was done so in retaliation for filing grievances against that guard. Plaintiff was found to have violated a disciplinary rule, and among the sanctions he received was a loss of 180 days of good time credits. The relief he requests includes monetary damages.

The United States Supreme Court has held that to recover damages in a suit under Section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

2

1 called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Ibid.*

*Heck* has been applied beyond cases which involve a challenge to the fact of conviction or to the sentence as imposed by a court. For instance, it applies to disciplinary decisions that involve a loss of good time credits, as is the case here. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Plaintiff's claim is that the disciplinary findings are false and invalid, and are based on the desire to retaliate against him for filing grievances. He contends that he and his cellmate are innocent. That allegation is contrary to the conclusion at the disciplinary hearing that he was guilty of a rule violation. Therefore, the length of his confinement would necessarily be implicated if he is successful here, and the *Heck* doctrine bars his claim.

Claims barred by *Heck* may be dismissed sua sponte without prejudice to refiling if the disciplinary findings are ever invalidated, dismissed, or expunged. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). To whatever extent plaintiff seeks to challenge the disciplinary findings in federal court, his sole remedy is to file a petition for writ of habeas corpus after he exhausts state judicial remedies because a time credit claim affects the legality or duration of a prisoner's custody, a determination of which may likely result in entitlement to an earlier release. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989).

**CONCLUSION**

For the foregoing reasons, this case is **DISMISSED** without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\SMITH3734.DSM.wpd